831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AIR-VEND, INC., Plaintiff-Appellee,
v.
THORNE INDUSTRIES, INC., and Air-Ports Systems, Inc.,
Defendants-Appellants.
 Appeal No. 86-731
 United States Court of Appeals, Federal Circuit.
 September 16, 1987.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 DECISION
 Thorne Industries, Inc. and Air-Ports Systems, Inc. (collectively Thorne) appeal from the judgment of the United States District Court for the District of Minnesota (Magnuson, J.), No. CV3-81-919, holding claims 7 and 8 of U.S. Patent No. 4,289,225 invalid under 35 U.S.C. Sec. 103. We affirm.
 
 OPINION
 
 1
 In a thorough and comprehensive analysis, the district court twice rejected Thorne's argument that no case or controversy existed between the parties after the parties agreed to dismissal of Thorne's counterclaim for infringement of the patent by Air-vend's current devices. The district court found that Air-vend had a reasonable apprehension of an infringement suit because of Thorne's entire course of conduct, finding that 'Air-vend still feared the threat of a patent infringement suit in connection with other coin-operated tire inflators which it was producing or marketing, [other than those charged to infringe] or intending to produce or market.'[1] On the evidence of record, that finding is not clearly erroneous. Thorne's withdrawal of its charge of patent infringement against particular devices does not outweigh the pattern of threatening conduct exhibited by Thorne. Indeed, Thorne's counterclaim for infringement technically remained in the case until the entry of judgment after the validity trial. Moreover, the parties' agreement was not only that the counterclaim could be dismissed, but also that the validity trial would proceed ahead, both parts of which the court accepted. Thorne seeks to invoke only the part of the agreement to its liking. This is not to say that jurisdiction can be conferred by the parties' agreement, but that, read as a whole, the agreement does not establish that the controversy between the parties had been resolved.[2]
 
 
 2
 The district court opinion is a model for section 103 analysis and, on the basis of that opinion, we affirm the judgment of invalidity of claims 7 and 8, the only claims in issue, claims 1-6 having been voluntarily disclaimed. Thorne has failed to show that the district court findings with respect to the teachings of the prior art or the insufficiency of the evidence of commercial success are clearly erroneous or that the court's determination under section 103 is wrong as a matter of law.
 
 
 3
 Thorne asked for a retrial on the ground it was improperly denied a jury trial.[3] That issue was not raised to the district court and would not be considered on appeal except for its constitutional implications. It need not, however, detain us long. When the case was placed on the nonjury calendar and during a four-day trial to the bench, Thorne made no objection. A party may not proceed through a bench trial without objection and, when the result is unfavorable, reactivate a demand for a jury trial. Contrary to Thorne's arguments, the Federal Rules do not countenance that sandbagging technique.
 
 
 4
 ARCHER, Circuit Judge, dissenting.
 
 
 5
 After the district court's order, pursuant to a stipulation of the parties, finding that 'Plaintiff has not infringed any of the claims' and dismissing the 'Affirmative Defenses and Counterclaim raised by the Defendants . . . with prejudice,' I am convinced there no longer existed a case or controversy between the parties. The district court said
 
 
 6
 it must be assumed that, while Air-vend perhaps no longer feared the threat of patent infringement in this instance, Air-vend still feared the threat of a patent infringement suit in connection with other coin-operated tire inflators which it was producing or marketing, or intending to produce or market.
 
 
 7
 There is no evidence of record, however, that Air-vend was producing or marketing tire inflators other than those claimed to infringe. Indeed, Air-vend states on brief only that the dismissal 'did not address the possibility of modifications of the Plaintiff's product.' Moreover, Air-vend's plans for redesigning and marketing other tire inflators that might be charged as infringing were not sufficiently definite to satisfy the requirements set forth in Jervis B. Webb Co. v. Southern Systems, Inc., 742 F.2d 1388, 1398, 222 USPQ 943, 949 (Fed. Cir. 1984), that the party seeking declaration of invalidity must have actually produced the accused device or have actually prepared to produce such a device. See also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (a case or controversy must exist at all stages of review); Jervis B. Webb Co., 742 F.2d at 1398 n.6, 222 USPQ at 949 n.6.
 
 
 
 [1]
 The record establishes that Air-vend had made design changes in the past and had plans for redesigning. Moreover, even after the agreement, Thorne misrepresented to potential customers that Air-vend was its licensee, i.e., an infringer albeit not suable
 
 
 [2]
 We note that Thorne could not dismiss its counterclaim without Air-vend's consent except in accordance with Fed. R. Civ. P. 41(a)(2) which provides (when read with (c)):
 If a [claim] has been pleaded by a [plaintiff] prior to the service upon the [plaintiff] of the [defendant's] motion to dismiss, the action shall not be dismissed against the [plaintiff's] objection unless the [claim] can remain pending for independent adjudication by the court.
 
 
 [3]
 We take no position on whether a declaratory judgment action for a declaration of patent invalidity coupled with no other claim lies entirely in equity and, thus, does not present matters for a jury. See Shubin v. United States District Court, 313 F.2d 250 (9th Cir. 1963). Thorne's motion to strike the affidavit of the deputy clerk of the districk court is denied as moot